**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL DRIVER,
                    Appellant,

            v.

DEPARTMENT OF DEFENSE,
                    Agency.

DOCKET NUMBER
DE-0752-13-0370-I-1

DATE: April 13, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Michael Driver, Pleasant View, Utah, pro se.

Dorothy Campbell, Fort Meade, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the furlough action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to discuss the appellant's argument that the furlough did not promote the efficiency of the service, but we conclude that this argument does not warrant a different outcome. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant, an Information Technology Specialist, filed an appeal, challenging the agency's decision to furlough him for less than 30 days. Initial Appeal File (IAF), Tab 1; *see id.* at 7-11 (notice of decision); IAF, Tab 9 at 3-4 (the appellant's furlough Standard Form 50, which stated that he would be furloughed on discontinuous days between July 8, 2013, and September 30, 2013, not to exceed a maximum of 88 hours). In an initial decision based on the written record, the administrative judge addressed the appellant's argument that the agency improperly imposed the furlough because his position was funded by the agency's working capital fund (WCF); the administrative judge found, however, that even if the agency could have compensated for sequestration without furloughing employees, the Department of Defense was still entitled to furlough WCF employees and apply the saved money to other priorities. IAF, Tab 25, Initial Decision (ID) at 5-6. The administrative judge further found that: (1) the agency established that it faced a lack of funds; (2) the furlough was a reasonable

solution to this problem; and (3) the agency determined which employees to furlough in a fair and reasonable manner. ID at 4-7. Thus, the administrative judge determined that the furlough promoted the efficiency of the service, and she affirmed the agency's action. ID at 7. She also found no evidence that the appellant was furloughed based on partisan political affiliation or personal favoritism, and therefore, he did not establish a violation of 5 U.S.C. § 2301. ID at 6.

¶3        The appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency did not file a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        On review, the appellant argues that: (1) he is a WCF employee and it would be a misappropriation of funds to return his unpaid salary to a reserve account for a defense agency; and (2) his furlough did not promote the efficiency of the service because the agency was prevented from fulfilling its obligation to meet service level agreements and Defense Information Systems Agency (DISA) contractors were paid additional monies to perform additional duties. PFR File, Tab 1 at 4-6.

¶5        A furlough is the placing of an employee in a temporary status without duties and pay because of a lack of work or funds or other nondisciplinary reasons. 5 U.S.C. § 7511(a)(5); 5 C.F.R. § 752.402. Furloughs of 30 days or less, as here, are reviewable under the "efficiency of the service" standard found in 5 U.S.C. § 7513(a). *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 5 (2013). An agency satisfies this standard in a furlough appeal by showing that the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a fair and even manner. *Id.*, ¶ 8.

¶6        Since the appellant filed his petition for review, the Board issued a decision in *Einboden v. Department of the Navy*, 2015 MSPB 26, ¶ 9, in which it evaluated

Mr. Einboden's argument that there were no financial restrictions placed upon his organization because his salary was paid by WCFs that were not subject to a sequester order. The Board held that even if WCFs were exempt from sequester, it would still have to determine whether there were financial restrictions placed on the agency and whether the furlough was a reasonable management solution to these restrictions. *Id.*, ¶ 13 (citing *Chandler*, 120 M.S.P.R. 163, ¶ 8). After discussing the various restrictions placed upon the agency, and noting that it was reasonable for the Department of Defense to consider its budget situation holistically, rather than isolating the situation of each individual Navy organization or component, the Board in *Einboden* concluded that the furlough action was a reasonable management solution to the financial restrictions placed upon the agency. *Einboden*, 2015 MSPB 26, ¶¶ 14-18.

¶7        The Board's decision in *Einboden* controls our analysis of the WCF argument raised on review by the appellant. Even if the WCF in this matter was exempt from sequester, the appellant has not persuaded us that the administrative judge erred in her assessment of the financial restrictions placed on the agency or in her conclusion that the furlough was a reasonable management solution to these restrictions and that the furlough was applied in a uniform and consistent manner among similarly-situated employees. *See* ID at 5-7. We therefore affirm the administrative judge's analysis in this regard.

¶8        Regarding the appellant's assertion that the furlough did not promote the efficiency of the service because the agency was unable to fulfill its obligation to meet service level agreements, he raised this argument below, but the administrative judge did not address it in the initial decision. *See, e.g.*, IAF, Tab 13 at 4-6; *see also* ID. We modify the initial decision to address this argument herein. The Board has held that disruptions such as delays, mission failures, and cancellations relating to administrative or day-to-day operations are the likely result of any furlough and do not demonstrate a failure to meet the efficiency of the service standard. *See Gajdos v. Department of the*

*Army*, [121 M.S.P.R. 361](#), ¶ 12 (2014). Thus, the agency's alleged inability to fulfill its obligation to meet service level agreements does not show that the agency did not meet the efficiency of the service standard.

¶9       Regarding his assertion that the furlough did not promote the efficiency of the service because DISA contractors were paid additional monies to perform additional duties, it does not appear that the appellant raised this argument below. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, [4 M.S.P.R. 268](#), 271 (1980). The appellant has not made such a showing.

¶10      Even if the appellant raised this argument below, it does not warrant a different outcome. The Board has held that reduction in force (RIF) principles are instructive in determining the scope of its review of adverse action furloughs and what it means for a furlough of 30 days or less to be taken for the "efficiency of the service." *Chandler*, [120 M.S.P.R. 163](#), ¶ 7. In finding that the efficiency of the service determination does not encompass agency spending decisions per se, including spending on personnel matters, the Board in *Chandler* cited to, among other cases, *Griffin v. Department of Agriculture*, [2 M.S.P.R. 168](#), 171 (1980), which held that an agency's decision to replace certain employees with private contractors was a matter committed by law to agency discretion and was unreviewable by the Board in the context of a RIF proceeding. *See Chandler*, [120 M.S.P.R. 163](#), ¶ 9. Taken together, *Chandler* and *Griffin* support the conclusion that the agency's alleged decision to pay DISA contractors to perform additional work is not reviewable by the Board.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. [5 C.F.R. § 1201.113](#). You have the right to

request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.